UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| AMIE CHAPMAN, et al, | No. C 14-03412 LB |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| BANK OF AMERICA, N.A., et al, | [ECF No. 22] |
| Defendants. | |

## INTRODUCTION

Plaintiffs sued 17 financial institutions, including Bank of America and Federal Home Loan Mortgage Corporation ("Freddie Mac"), in state court for negligent servicing of their mortgages in violation of state law. *See* Complaint, ECF No. 1 at 17-18. Bank of America removed the case to federal court on the basis of federal-question jurisdiction, asserting two grounds: (1) the negligence claim is based on Defendants' alleged failure to provide Plaintiffs with loan modifications under the Home Affordable Modification Program ("HAMP"), 12 U.S.C. § 5219; and (2) Freddie Mac was a party at the time of removal. *See* Notice of Removal, ECF No. 1 at 3.

Bank of America moved to dismiss, and Plaintiffs responded by filing an amended complaint that asserted the same claim only against Bank of America. *See* First Amended Complaint ("FAC"), ECF No. 17. Plaintiffs then moved to remand the case to state court. Motion to Remand, ECF No. 22.

The court finds this case suitable for determination without a hearing under Civil Local Rule 7-

C 14-03412 LB (ORDER)

1(b).  The allegations regarding HAMP do not establish federal-question jurisdiction, and Freddie Mac is no longer named as a defendant.  Regardless of whether there was federal jurisdiction at the time of removal, there is not now.  The court declines to exercise supplemental jurisdiction over the case, remands it to Alameda County Superior Court, and denies Plaintiffs' request for attorney's fees.

## STATEMENT

### I.  THE CLAIM AND THE PARTIES

Both complaints state the same claim based on the same facts.  The differences are that the FAC names only Bank of America (and drops the other named defendants) and drops one plaintiff, who dismissed her case voluntarily and with prejudice.  *Compare* Complaint, ECF No. 1, *with* FAC, ECF No. 17; *see also* Notice of Voluntary Dismissal, ECF No. 18.  The named defendants in the first complaint included Freddie Mac and also Countrywide Financial Corporation, Countrywide Home Loans, Inc., BAC Home Loans Servicing, Inc., Aurora Loan Services, LLC, Federal National Mortgage Association, Bank of New York Mellon Corporation, Greentree Servicing, LLC, HSBC Bank USA, N.A., Recontrust Company, N.A., UBS Real Estate Securities, Inc., US Bank, N.A., Wells Fargo Bank, N.A., Bank of the West, JP Morgan Chase Bank, and Merrill Lynch.  *See* Complaint, ECF No. 1.

Bank of America serviced each Plaintiff's mortgage.  *See* Complaint ¶ 77; FAC at 5-7.  Their mortgage loans became unaffordable, and they contacted Bank of America to seek a loan modification.  *See* Complaint ¶¶ 62-63; FAC ¶ 25.  Plaintiffs all believed that they were eligible for a loan modification.  In the initial complaint, Plaintiffs specify the loan modification programs as HAMP programs, and in the FAC, they refer to them more generically as Bank of America's loan modification programs.  *See* Complaint ¶¶ 89-99, 103-06; FAC ¶¶ 11, 47.  According to Plaintiffs, Bank of America had a duty to process each of their loan modification applications with due care.  Complaint ¶ 86; FAC ¶ 58.  Bank of America breached this duty different ways, including mishandling and misrouting documentation that Plaintiffs submitted in support of their applications, misrouting Plaintiffs' telephone calls to Bank of America, failing to record notations about Plaintiffs' telephone calls, and declining to grant promised permanent loan modifications.  *See*

Complaint ¶ 86.  Bank of America also reported negative credit items to credit agencies after breaching its duty of care.  *See id.*

Plaintiffs ask for damages and injunctive relief to prevent Bank of America from collecting on Plaintiffs' loans or selling their properties.  *See* Complaint at 45-46; FAC, ECF No. 17 at 22-23.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the first complaint in state court on May 27, 2014.  *See* Complaint, ECF No. 1 at 17.  They served Bank of America on July 15, 2014.  *See* Notice of Removal, ECF No. 1, ¶ 2.  On July 28, 2014, Bank of America removed the case, asserting federal jurisdiction because Freddie Mac is named as a party and Plaintiffs' claim is predicated on an improper denial of loan modifications under HAMP.  *See id.* at ¶¶ 6-9.

The Notice of Removal states the following about service of other defendants.  Bank of America contacted the other Defendants to determine whether they had been served.  *Id.* ¶ 17.  Four Defendants confirmed that they had been served, and each consented to removal.  *Id.* ¶ 18.  Another 12 Defendants, including Freddie Mac, either "informed Bank of America that they were not served with [the] Summons and Complaint, or there [was] no indication on the state court docket, like a proof of service, suggesting that they have been served."  *Id.* ¶ 19.

On August 4, 2014, Bank of America and six other Defendants (but not Freddie Mac) moved to dismiss the complaint.  *See* ECF No. 7.  The moving Defendants, including Bank of America, consented to proceed before a U.S. Magistrate Judge.  *See* Defs.' Consent, ECF No. 16.  JP Morgan Chase later joined the motion to dismiss.  *See* Joinder, ECF No. 12.

Plaintiffs filed the FAC on August 19, 2014, thereby mooting the motion to dismiss the original complaint.  FAC, ECF No. 17; 8/20/2014 Order, ECF No. 19.  That day, Bank of America moved to dismiss the FAC.  *See* ECF No. 20.  On August 22, 2014, Plaintiffs filed the motion to remand.  *See* ECF No. 22.  Plaintiffs also consented to magistrate judge jurisdiction.  *See* ECF No. 24.

On August 28, 2014, Freddie Mac appeared in the case for the first time, even though it was not named in the FAC.  *See* ECF Nos. 25-27.  It joined the motion to dismiss the original complaint, even though the court had denied the motion already as moot.  *See* Freddie Mac's Joinder in Motion to Dismiss (Doc. 7 and 8), ECF No. 25; *see also* Order Denying Freddie Mac's Joinder as Moot,

1   ECF No. 30.  It filed a Certificate of Interested Entities, and it consented to magistrate judge

2   jurisdiction.  *See* ECF Nos. 26, 27.

3       At the parties' request, the court staged the briefing schedule to allow a hearing on the motion to

4   remand before the hearing on the motion to dismiss.  *See* Stipulation, ECF No. 28; Order, ECF No.

5   29.

## ANALYSIS

7       Bank of America asserts two bases for federal jurisdiction:  Freddie Mac's status as a party, and

8   the negligence claim's predication on violations of HAMP.  Plaintiffs counter that (1) the negligence

9   claim is not predicated on HAMP, and (2) only Freddie Mac, which is no longer named as a

10  defendant and did not join in the removal, can remove on the basis of its status as a party.

11      Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal court

12  only if the federal court has subject matter jurisdiction over the case.  *See Abrego Abrego v. Dow*

13  *Chem. Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006).  Moreover, there is a strong presumption against

14  removal jurisdiction, and the party seeking removal always has the burden of establishing that

15  removal is proper. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

16      Bank of America timely removed the case within 30 days after service on it.  *See* 28 U.S.C.

17  § 1446(b)(1).  Plaintiffs also timely moved to remand the case within 30 days of removal.  *See* 28

18  U.S.C. § 1447(c).  The issue is whether there is federal-question jurisdiction.

### I. JURISDICTION BASED ON HAMP

20      Bank of America argues that Plaintiffs' negligence claim necessarily implicates the federal

21  HAMP statute, thus raising a federal question.

22      The presence or absence of federal-question jurisdiction "is governed by the 'well-pleaded

23  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

24  presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482

25  U.S. 386, 392 (1987).  The mere presence of a federal issue in a state cause of action does not confer

26  jurisdiction automatically.  *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  An

27  anticipated federal defense does not confer jurisdiction either.  *See Franchise Tax Bd. v. Constr.*

28  *Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

Here, Plaintiffs' claim is state-law negligence. District courts have federal-question jurisdiction over state law claims that "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (*quoting Franchise Tax Bd.*, 463 U.S. at 27–28). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if "(1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) a federal court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities." *See People v. Monster Bev. Corp.*, No. 13–CV–2500–PJH, 2013 WL 5273000, at *1 (N.D. Cal. Sept. 18, 2013); *accord Quildon v. Intuit, Inc.*, No. 12–CV–00850–EJD, 2012 WL 1902021, at *4 (N.D. Cal. May 25, 2012). Cases satisfying *Grable* typically will be those that present "a nearly pure issue of law . . . that could thereafter govern numerous . . . cases." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006) (internal quotation marks and citation omitted).

The complaint here did not allege that the Defendants violated HAMP. The original complaint asserted only that Plaintiffs believed they qualified for HAMP loan modifications (made more generic in the FAC's reference to modifications under "loan modification programs"). The claim is for negligence based on Bank of America's breaching a duty to exercise due care in processing Plaintiffs' loan modification applications. The alleged duty arose under California law. *See* Complaint ¶¶ 79-85. The reference to the HAMP loan modification programs does not establish federal-question jurisdiction. District court decisions confirm this result.

For example, in *El Camino Hospital v. Anthem Blue Cross of California*, the court found that *Grable* did not confer federal-question jurisdiction in a case where federal law provided an element of the state law claim. No. 5:14-CV-00662-EJD, 2014 WL 4072224 (N.D. Cal. Aug. 14, 2014). There, the plaintiff alleged state-law claims for unfair competition based on the defendant's performing a contract in a manner that violated a federal criminal statute. *Id.* at *2. In granting the motion to remand, the court explained that the claim did not "depend on the court's construction of the relevant federal laws, but of the parties' *contract* in light of and informed by those laws." *Id.* at

*3.

In *Morris v. Deutsche Bank Nat'l Trust Co.*, the plaintiff alleged breach of contract regarding her loan modification, referring to HAMP to illustrate how the parties entered into the contract to modify the loan. No. 2:14-cv-1353 LKK CKD PS, 2014 WL 3421006, at *2 (E.D. Cal. July 14, 2014). The court held that a substantial question of federal law was not presented merely because a plaintiff's state-law claim incorporates allegations of HAMP violations. *Id.*

Bank of America's arguments do not change this conclusion. Its cases involve claims predicated on HAMP violations or plaintiffs claiming that they were third-party beneficiaries of government contracts that were part of the HAMP program. *See Peralta v. ABN AMRO Mortg. Group*, No. 2:13-05607 (ES) (JAD), 2014 U.S. Dist. LEXIS 58124 (D. N.J. Jan. 13, 2014) (finding federal-question jurisdiction where plaintiffs' claims were for violations of obligations imposed by HAMP); *Castillo v. Bank of Am., N.A.*, No. 12cv1833-IEG (BGS), 2012 U.S. Dist. LEXIS, 145487, at *12-14 (S.D. Cal. Oct. 9, 2012) (substantial federal question existed where court would have to determine whether plaintiff borrowers were third-party beneficiaries of contract between Bank of America and the United States); *Copeland-Turner v. Wells Fargo Bank, N.A.*, No. CV-11-37-HZ, 2011 U.S. Dist. LEXIS 28093, at *13-15 (D. Or. Mar. 17, 2011) (same).

## II. JURISDICTION PREDICATED ON FREDDIE MAC AS PARTY

Under 12 U.S.C. § 1452(f)(2), "[n]otwithstanding [28 U.S.C. § 1349] or any other provision of law, . . . (2) all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value." 28 U.S.C. § 1452(f).

Freddie Mac was a party in the first complaint. Bank of America removed the case, not Freddie Mac. Plaintiffs assert that under section 1452(f)(2), only Freddie Mac can remove. The basis for this argument is section 1452(f)(3):

> (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of [Freddie Mac] is located, by following any procedure for removal of causes in effect at the time of such removal.

12 U.S.C. § 1452(f)(3).

Other courts have held that this statute gives Freddie Mac more flexibility than the ordinary 30-days-to-remove under the removal statute and does not alter other defendants' right to remove under the general removal statute. The court follows this view. As another district court explained, section 1452(f)(3) "does not expressly limit the applicability of the general removal statute; nor does it expressly limit the ability of other parties to remove so that the exception to the general removal statute would apply. Rather, the statute merely appears to provide Freddie Mac more flexibility than it would otherwise have in determining when and how to remove." *Fed. Home Loan Mortg. Corp. v. Matassino*, 909 F. Supp. 2d 1377 (N.D. Ga. 2012).

Another jurisdictional issue is whether Freddie Mac "is a party." It is not clear that it was served. *See* Notice of Removal, ECF No. 1, ¶ 19. It was named as a defendant, and that may be enough under 1452(f)(3), but the parties did not address the issue. The court does not need to reach the issue because it remands on other grounds.

## III. SUPPLEMENTAL JURISDICTION

The FAC names only Bank of America as a Defendant. If the court has jurisdiction based on Freddie Mac's being named in the complaint as a defendant, then amendment would not defeat removal jurisdiction. The Ninth Circuit has explained that "[i]t is well settled that 'post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing.'" *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863 (9th Cir. 2013) (finding the district court had jurisdiction, but dismissing nearly all claims for misjoinder). But if the basis for federal jurisdiction is eliminated, then the court has discretion whether to exercise supplemental jurisdiction over the remaining state claims. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003) (court has discretion to exercise supplemental jurisdiction where federal-question claims are dismissed); *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (district court did not abuse its discretion when it declined to remand a matter to state court after claims against the FDIC were dismissed).

This case was removed recently. *See* Notice of Removal, ECF No. 1. The claim involves only state-law negligence. The court declines to exercise supplemental jurisdiction and remands the

C 14-03412 LB (ORDER)
7

action to state court.

Plaintiffs ask the court to award their attorney's fees based on Bank of America's improper removal. *See* Motion at 10. There is no automatic entitlement to attorney's fees on remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Under the circumstances of the arguments advanced here, the court denies the motion for fees.

### CONCLUSION

The court **GRANTS** Plaintiffs' motion to remand and remands this case to Alameda County Superior Court. This disposes of ECF No. 22.

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
LAUREL BEELER
United States Magistrate Judge